OPINION
Appellant, Peter Paul Raia, appeals the judgment entry of the Portage County Municipal Court, Kent Division, in which he was found guilty of committing two counts of public indecency, in violation of R.C. 2907.09.
The incident resulting in appellant's arrest occurred on May 29, 1998, in the area of Walls Elementary School in the city of Kent, Portage County, Ohio. At approximately 3:30 p.m., Kimberly Dobbins ("Ms. Dobbins"), was exiting the school when upon stopping at a corner near the school, she observed appellant standing on the corner to her right facing her. As she pulled around the corner she saw that appellant was exposing himself. At a trial conducted on December 2, 1998, Ms. Dobbins testified that appellant was wearing shorts that were pulled up so high that his testicles and penis were exposed. After observing appellant, Ms. Dobbins drove her automobile a couple of driveways further, and noticed that he was walking in an area where young children might see him on their way home from school. She then returned to the school and had the principal call the police.
Once the phone call was made to police, Officer Ronald Rinto ("Officer Rinto"), a police officer with the city of Kent, was dispatched to the scene at or about 3:30 p.m. The dispatcher described the perpetrator as an older, white male wearing a pair of yellow shorts. Upon driving near the school, Officer Rinto observed appellant walking near the school and wearing a pair of yellow shorts that were pulled up in a fashion that revealed his testicles and penis. Officer Rinto then stopped appellant and charged him with two counts of public indecency, in violation of R.C. 2907.09. Officer Rinto obtained a statement from Jeffrey Allen Havel ("Jeffrey"), a ten-year-old child who was a crossing guard that day. Jeffrey stated that he saw a man wearing yellow shorts very high on his body, but did not pay attention to see if the man was exposed.
A bench trial was conducted by the lower court on December 2, 1998. On May 7, 1999, appellant was found guilty as charged. Appellant now timely appeals the trial court's ruling and raises the following assignment of error:
 "The finding of guilt rendered by the trial court is contrary to the manifest weight of the evidence."
 In advancing this assigned error, appellant avers that the testimonial evidence at trial indicating his guilt was implausible, inconsistent, and uncertain. Specifically, appellant claims that Ms. Dobbins' testimony was intrinsically contradictory because she testified that she did not see his genitalia when he was standing on the corner near her car while she was seated in her vehicle, but that she observed those parts of his anatomy once she began turning the corner. Next, appellant claims that the crossing guard's testimony that he did not see appellant's genitalia contradicts Ms. Dobbins' and Officer Rinto's testimony. Finally, he argues that Officer Rinto provided "factually inaccurate information and testimony" to the court in order to secure a conviction by stating that he was told by numerous school children that a person had been seen exposing himself, when in fact, Officer Rinto had not spoken to any children who had said such things.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10, we wrote that a manifest weight argument "contests the believability of the evidence presented." We further stated:
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"'" (Citations omitted.) (Emphasis sic.) Id. at 11.
 A trial court's judgment should not be reversed as being against the manifest weight of the evidence except "in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175.
In the instant matter, the trial judge, sitting as the factfinder, was charged with the duty of weighing the evidence and considering which testimony was most credible. Clearly, from the record the trial judge determined to believe Ms. Dobbins' and Officer Rinto's testimony over appellant's. Moreover, contrary to appellant's assertions, there is nothing in the record demonstrating that the testimonial evidence was implausible, inconsistent, and uncertain.
Indeed, it was entirely plausible that Ms. Dobbins could not have seen appellant exposing himself until she began driving away because it is possible that he did not expose himself until then or that his exposure could not be seen from the angle she was at while stopped at the corner. Additionally, regardless of whether Officer Rinto spoke with any children about whether they had seen appellant exposing himself, he observed appellant exposing himself firsthand when he encountered him on the street, to which he testified. Finally, the crossing guard's testimony that he did not notice appellant's exposure does not negate Officer Rinto's and Ms. Dobbins' testimony that he was seen exposing himself. Consequently, the decision of the trial court was not against the manifest weight because the evidence did not weigh heavily against the conviction. In our review of the record, the evidence actually weighed strongly in support of appellant's conviction. Therefore, appellant's assignment of error is patently meritless.
For the foregoing reasons, the judgment of the Portage County Municipal Court, Kent Division, is affirmed.
 _____________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.